IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STEPHEN M. PARSONS, | ) | |
| | ) | C.A. No. K18C-12-022 NEP |
| Plaintiff, | ) | In and for Kent County |
| v. | ) | |
| | ) | |
| RICHARD P. DUSHUTTLE, M.D., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Submitted: April 11, 2019
Decided: April 18, 2019

Upon consideration of the Motion for Reconsideration for the Appointment of Counsel filed by Plaintiff Stephen M. Parsons (hereinafter "Mr. Parsons"), the Court finds that the motion is without merit and is **DENIED**.

The facts of the case are, briefly, as follows: Mr. Parsons has sued Dr. Richard P. DuShuttle and Bayhealth Medical Center (hereinafter the "Defendants"), alleging, *inter alia*, that the Defendants committed medical malpractice after Dr. DuShuttle allegedly installed a hip replacement device improperly and Mr. Parsons needed to undergo a second surgery. Mr. Parsons has alleged damages in excess of $100,000.00 due to "debilitating pain that was suffered from the day of surgery. . ., the improper placement of [sic] artificial hip which caused the Plaintiff limited mobility and confinement to a wheelchair and the loss of wages. . . ."

Included with Mr. Parsons's complaint was an application to proceed *in forma pauperis*. By Order dated March 8, 2019, this Court granted Mr. Parsons's application to proceed *in forma pauperis* pursuant to 10 *Del. C.* § 8803(a), but denied

his motion for appointment of counsel.[1] Mr. Parsons now seeks reconsideration of the motion for appointment of counsel. In support of his motion, Mr. Parsons has attached several letters, reflecting unsuccessful attempts to obtain private counsel. Mr. Parsons also argues that the three-pronged analysis from *Matthews v. Eldridge*[2] weighs in favor of appointing him counsel, as his "meaningful access" to the Court has been restricted, and because without the assistance of counsel, he will not be able to obtain an affidavit of merit.

Although never cited in Mr. Parsons's motion for reconsideration, Superior Court Civil Rule 59(e) controls. A motion for reconsideration filed pursuant to Superior Court Civil Rule 59(e) will only be granted if "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[3] A

---

[1] Additionally, the Court deferred the acceptance of Mr. Parsons's complaint due to the absence of an affidavit of merit, and allowed Mr. Parsons an additional 60 days from the date of the order to file such an affidavit.

[2] *424 U.S. 319 (1976). In Matthews,* the United States Supreme Court held: "More precisely, our prior decisions indicate that identification of the specific dictates of due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* at 335.

[3] *Kennedy v. Invacare, Inc.,* 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006) (citing *Bd. of Managers of the Del. Criminal Justice Info. Sys. v. Gannet Co.,* 2003 WL 1579170, at *1 (Del. Super. Jan. 17, 2003)).

motion for reconsideration is not an opportunity for a party to rehash arguments already decided by the Court, or to present new arguments that were not previously raised.[4] In order for the motion to be granted, the movant must "demonstrate newly discovered evidence, a change in the law, or manifest injustice."[5] "Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59."[6]

Here, the Court has reviewed and considered the motion and the additional letters, and finds that Mr. Parsons has not met his burden to obtain relief pursuant to Rule 59. Mr. Parsons's motion contains no new argument or information that would cause this Court to reconsider its previous decision or to conclude that there has been any error in these proceedings. Further, the motion for reconsideration has demonstrated no newly discovered evidence and no change in the law, and Mr. Parsons's allegations do not show manifest injustice.

Lastly, the Court finds that Mr. Parsons's motion for reconsideration attempts to rehash prior arguments and repeat factual allegations, by re-arguing his original motion under the guise of the *Matthews* test. This Court has previously analyzed and applied the *Matthews* factors to Mr. Parsons's case and need not perform the analysis

---

[4] *Kennedy*, 2006 WL 488590, at *1; *Tilghman v. Del. State Univ.*, 2012 WL 5551233, at *1 (Del. Super. Oct. 16, 2012).

[5] *Brenner v. Village Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. May 23, 2000) (citing *E.I. duPont de Nemours Co. v. Admiral Ins. Co.*, 711 A.2d 45, 55 (Del. Super. 1995)).

[6] *Newborn v. Christiana Psychiatric Serv., P.A.*, 2017 WL 394096, at *2 (Del. Super. Jan. 25, 2017).

again.[7] The Court is mindful of the difficulties faced by inmates with regard to accessing the law library or obtaining private counsel. However, "[t]he case law is clear that mere allegations of limits on the amount of time an inmate can spend in the prison library are not sufficient to create a right to appointed counsel in a civil case."[8] Moreover, while incarceration may make obtaining an affidavit of merit more challenging, an inmate is not precluded from doing so, nor is he in a unique position vis-à-vis other indigent plaintiffs merely because of his incarceration.[9]

**WHEREFORE**, for the foregoing reasons, the motion is hereby **DENIED**.

**IT IS SO ORDERED.**

_____/s/ Noel Eason Primos_____
Judge

NEP/dsc

---

[7] *See Parsons v. Dushuttle*, 2019 WL 1131956, at *4 (Del. Super. Mar. 8, 2019).

[8] *Miller v. Taylor*, 2010 WL 1731853, at *1 (Del. Super. Apr. 28, 2010) (citing *Vick v. Department of Correction*, 1986 WL 8003, at *3 (Del. Super. Apr. 14, 1986)).

[9] *See Steedley v. Surdo-Galef*, 2013 WL 1228019, at *1 (Del. 2013) (rejecting plaintiff's contention that affidavit of merit requirement was unconstitutional as applied to him, an indigent prisoner, because it restricted his access to courts). Additionally, the Court once again notes, as to the second *Matthews* factor regarding the government's interest, that Mr. Parsons has failed to meet his burden of establishing how his case is different from the multitude of other cases in which inmates allege civil claims, including claims of medical malpractice. *See Parsons*, 2019 WL 1131956, at *4.